UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA GRIFFIN,

        Petitioner,

    -v-                                                         08-CV-6026(MAT)
**ORDER**

WILLIAM POWERS, Superintendent,

        Respondent.

---

## I. Introduction

*Pro se* petitioner Linda Griffin ("petitioner") has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her conviction in Erie County Court of Identity Theft in the Second Degree (N.Y. Penal L. § 190.79), following a guilty plea before Judge Shirley Troutman. Petitioner was sentenced as a second felony offender to a term of imprisonment of two to four years.

## II. Factual Background and Procedural History

Under Superior Court Information No. 24569, petitioner was charged with Identity Theft in the First Degree (N.Y. Penal L. § 190.80), Identity Theft in the Second Degree (N.Y. Penal L. § 190.79), Forgery in the Second Degree (N.Y. Penal L. § 170.10) and Criminal Impersonation in the Second Degree (N.Y. Penal L. § 190.25) based on her assumption and use of another person's identity to obtain merchandise, utilities, and student loans. Plea Mins. ("P.M.") 3, 15-20.

On January 6, 2005, petitioner pleaded guilty to one count of second-degree identity theft, a class E felony, in satisfaction of all charges. The court agreed to a sentencing commitment of one and a half to three years, conditioned upon petitioner's cooperation with the Department of Probation with respect to the presentence report, which included appearing for her interview and being truthful with regard to the questions asked of her. The court also required that petitioner make "all future court appearances" as scheduled. P.M. 10-11.

Sentencing proceedings were held on April 4, 2005, wherein the court indicated that it would not abide by the sentencing commitment due to petitioner's lack of compliance with the conditions of the agreement, as petitioner failed to appear for her interview with the Department of Probation and did not appear in court on her scheduled sentencing date. Sentencing Mins. ("S.M.") 14-15, 22-23. Petitioner's counsel argued in favor of the court honoring the sentence promise, contending that petitioner was ill on the days of her scheduled appointments, and that petitioner did "attempt" to cooperate with the Department of Probation regarding the presentence investigation. S.M. 16. Counsel provided a physician's note indicating that petitioner was treated at a hospital and was advised not to work for a period of five days. Id.

Petitioner was also given an opportunity to address the court, and explained the circumstances surrounding her lack of compliance

with the conditions of the agreement. She apologized to the court, and asked for the "chance to do whatever minimum time is necessary" so that she would be able to repay the debt. S.M. 18-19. At no time did petitioner move to withdraw her guilty plea.

Finding that petitioner had violated the terms of the agreement, the court proceeded to adjudicate petitioner a second felony offender based on a previous conviction of fourth-degree grand larceny, and sentenced her to serve an indeterminate term of imprisonment of two to four years. See N.Y. Penal L. § 70.06. Restitution was also ordered in the amount of $10,728.48. S.M. 4, 6, 13, 25.

Following sentencing, petitioner's appellate counsel filed a brief in the Appellate Division, Fourth Department, raising the following points for appeal: (1) the imposition by the court of an "enhanced" sentence denied petitioner the right to due process; (2) the waiver of appeal was invalid; and (3) the sentence was unduly harsh and excessive. Pet'r Appellate Br. 4-12 (Ex. B). The Fourth Department unanimously affirmed the judgment of conviction. People v. Griffin, 35 A.D.3d 1167 (4th Dept. 2006), lv. denied, 8 N.Y.3d 922 (2007).

Petitioner then filed the instant petition for writ of habeas corpus (Dkt. #1), alleging ineffective assistance of counsel and that her conviction violated the constitutional prohibition against double jeopardy. Petition ("Pet.") ¶ 12(A)-(B). The respondent has

submitted an answer and memorandum of law opposing the petition (Dkt. ## 8, 9). For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A.   General Principles Applicable to Federal Habeas Review**

        **1.   Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

        **2.   Exhaustion Requirement and Procedural Default**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim

has been 'fairly presented' to the state courts." <u>Daye v. Attorney General</u>, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), <u>cert. denied</u>, 464 U.S. 1048 (1984). "The exhaustion requirement is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, and is not satisfied unless the federal claim has been fairly presented to the state courts." <u>Jimenez v. Walker</u>, 458 F.3d 130, 148-149 (2d Cir. 2006) (internal citations and quotation marks omitted).

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" <u>Grey v. Hoke</u>, 933 F.2d 117, 120 (2d Cir. 1991) (quoting <u>Harris v. Reed</u>, 489 U.S. 255, 263 n.9 (1989); other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." <u>Grey</u>, 933 F.2d at 120. The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes federal court litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice, i.e., that the petitioner is

actually innocent. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

**B. Petitioner's Claims**

**1. Ineffective Assistance of Counsel**

Petitioner first claims that she was denied the effective assistance of counsel because her attorney was aware that petitioner had "issues" with Judge Troutman. Pet. ¶ 12(A). Petitioner only elaborates by stating that she has known the judge for forty years and that, at some point during that time period, the two women "constantly fought." Id.

This claim is raised for the first time in the instant petition. It is therefore unexhausted for purposes of habeas review because petitioner has not given the state a "full and fair opportunity" to review the merits of her federal constitutional claim. O'Sullivan, 526 U.S. at 845. If petitioner were to return to state court in an attempt to exhaust her ineffective assistance of counsel claim, she would face an absence of corrective process. The claim must therefore be deemed exhausted because petitioner is procedurally barred from presentation to a state court.

A federal claim is procedurally defaulted when a prisoner has "failed to meet the State's procedural requirements" for presenting it and has therefore "deprived the state courts of an opportunity to address [the claim] in the first instance." Coleman, 501 U.S. at 732. "For exhaustion purposes, 'a federal habeas court need not

require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d at 120 (citing Harris v. Reed, 489 U.S. at 263 n.9).

Petitioner has taken her one direct appeal and she cannot again seek leave to appeal this claim in the New York Court of Appeals because she has already made the one request for leave to which she is entitled.[1] See Murray v. Williams, No. 05 Civ. 9438, 2007 WL 430419, at *8 (S.D.N.Y. Feb.8, 2007) (declining to review issue that petitioner had failed to raise on direct appeal) (citing People v. Nesbitt, 211 A.D.2d 490 (1st Dept. 1995) (holding that the "[d]enial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice")); Oquendo v. Senkowski, 452 F.Supp.2d 359, 368 (S.D.N.Y. 2006) (same); Velazquez v. Poole, 614 F.Supp.2d 284, 319 (E.D.N.Y. 2007) (same).

---

[1] By statute, New York law used to specifically provide for only a single application for direct review. Spence v. Superintendent, Great Meadow Corr. Fac., 219 F.3d 162, 170 (2d Cir. 2000) (relying on former New York Rules for the Court of Appeals § 500.10(a) (discussing leave applications for criminal appeals)). N.Y. Rules for the Court of Appeals § 500.10 has since been amended, and criminal leave applications are now addressed in N.Y. R. Ct. § 500.20. Accord, e.g., Colon v. Connell, No. 07 Civ. 7169(BSJ) (JCF), 2009 WL 2002036, at *6 n.4 (S.D.N.Y. July 9, 2009). Although Rule 500.20 "does not specifically state that there may be only one application for appeal, see N.Y. R. Ct. § 500.20, such a restriction may be inferred," since "[b]oth Rule 500.20(d) and CPL § 460.10(5) provide a 30-day window for any such application to be filed; this time limit would be meaningless were multiple applications permitted." Colon, 2009 WL 2002036, at *6 n.4. In addition, N.Y. Court Rule 500.20(d) "states that a request for reargument or reconsideration may not raise any new points, implying that a wholly new request for leave to appeal would be impermissible ." Id. ("Since the petitioner here failed to raise his claims relating to the search on direct appeal, they are procedurally barred and not cognizable on habeas review.").

Moreover, collateral review of petitioner's claim is also barred because "sufficient facts appear on the record of the proceedings underlying the judgment" to have permitted petitioner to raise the claim on direct appeal. See N.Y. Crim. Proc. L. § 440.10(2)(c) (mandating that court dismiss claim if sufficient facts appeared on the record to have permitted direct review but defendant unjustifiably failed to raise claim on direct appeal). Because a state court would find petitioner's unexhausted claim procedurally barred from state review, it is deemed exhausted. Grey, 933 F.2d at 120-21.

Ordinarily, federal courts may not review procedurally barred claims unless the petitioner can show both cause for the default and prejudice resulting therefrom, or that a fundamental miscarriage of justice would occur if the federal court declines to review the habeas claim. See Coleman, 501 U.S. at 749-50; Harris v. Reed, 489 U.S. at 262. Here, petitioner has not alleged cause for the procedural default, or that she is actually innocent of the crime for which she has been convicted. As a result, petitioner's claim must be dismissed as procedurally barred.

### 2. Double Jeopardy / Judicial Bias

Petitioner's second ground states that her conviction was obtained "by a violation of the protection against double jeopardy." Pet. ¶ 12(B). Petitioner has not expounded upon a claim rooted in the Double Jeopardy clause, see U.S. Const. amend V, but

rather appears to be arguing she was denied due process as a result of judicial bias, again citing her personal history with Judge Troutman. See id. ; see also Exhibits in Support of Petition for Writ of Habeas Corpus, Dkt. Entry dated 10/1/2008.

As with petitioner's previous claim, she did not raise the issue of judicial bias on direct appeal or in a motion for post-conviction relief. As such, the claim is unexhausted but must be deemed exhausted and procedurally barred, because she no longer has "remedies available" in a state court forum. See Grey v. Hoke, 933 F.2d at 120; N.Y. Crim. Proc. L. § 440.10(2)(c); see supra III.B.1. To overcome the procedural bar and secure habeas review of her claim, petitioner must demonstrate cause for the default and prejudice resulting therefrom, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. As discussed above, petitioner has not met either exception, and her claim of judicial bias must be dismissed.[2]

### IV. Conclusion

For the reasons stated above, Linda Griffin's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28

---

[2] Assuming, *arguendo*, petitioner did intend to raise a claim of double jeopardy, it too would be unexhausted and subject to a procedural bar for the reasons stated above.

U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: October 5, 2010
Rochester, New York